UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23-CR-00360 |
| | § | |
| BLAKE ROBERTSON, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, Kelly Zenón-Matos, Assistant United States Attorney, and Sarah J. Rasalam and Justin G. Bish, Trial Attorneys for the Department of Justice, and the defendant, BLAKE ROBERTSON ("Defendant"), and Defendant's counsel, Chuck Egbuonu, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Counts Two and Four of the Superseding Indictment.   Count Two charges Defendant with Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to wit: 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii), and 846. Count Four charges Defendant with Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, Aiding and Abetting, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.   Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

**Punishment Range**

2.      The statutory maximum penalty for a violation of Title 21, United States Code, Sections 846 and 841(a)(1), and 841(b)(1)(A)(ii), is an imprisonment term of not less than 10 years or more than life and a fine not to exceed $10,000,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years. *See* Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for at least 5 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 3583(e)(3).

3.      The statutory penalty for a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2, is a minimum imprisonment term of five years, a maximum imprisonment term of not more than life and a fine of not more than $250,000.00.   Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 5 years.  *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(b)(1). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than 5 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(e)(3). Defendant understands that the sentence for this count shall run consecutively with any other term of imprisonment imposed. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

2

## Mandatory Special Assessment

4.    Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

5.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

## Waiver of Appeal, Collateral Review, and Statute of Limitations

6.    Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or

3

"collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.      Defendant also agrees that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

8.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are

4

"effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

<b>The United States' Agreements</b>

10.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Counts Two and Four of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing. The Defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

(b)    If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(c)    If the Defendant pleads guilty to Counts Two and Four of the Superseding Indictment and persists in that plea through sentencing, and if the court accepts the plea agreement, the parties will agree to recommend a sentence at the lower end of the applicable guideline range as to Count Two and the guideline recommended sentence as to Count Four.

**Agreement Binding - Southern District of Texas Only**

11.     The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

12.     The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

13.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as

the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

14.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

> (a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from

such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15.    Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts Two and Four of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

In or about 2023, three cooperating human sources ("CS-1," "CS-2," and "CS-3") working with the Federal Bureau of Investigation were introduced to Defendant Blake Robertson, a/k/a, RICO, ("Defendant") a resident of Houston, TX.   During conversations between Defendant and the CSs, a "play" or a robbery of firearms and drugs stored in a trailer was discussed.

In or about early August of 2023, Defendant and CS-3, who was introduced to Defendant as a firearms dealer, agreed to meet in a hotel in Houston, TX, on August 7, 2023, to discuss the details of the robbery.

On August 7, 2023, at approximately 11:05 a.m., Defendant arrived at the Homewood Suites by Hilton Houston at 8950 Fallbrook Drive to discuss with CS-3 the details of the robbery to take place later that same day.   CS-3 explained that the trailer to be robbed contained approximately 30 kilograms of cocaine and 400 firearms.   CS-3 also revealed that two individuals were going to be guarding the trailer.   CS-3 agreed to pay Defendant an initial fee of $2,500.00 for the crew that was going to participate in the robbery.   Defendant departed the hotel to get the rest of his crew.   The conversation between CS-3 and Defendant was recorded on video and audio.

A couple of hours later, two of the individuals recruited by Defendant, codefendants Harry Keith Dwyan Goffney ("Goffney") and Kermit Ladell Johnson ("Johnson") arrived at the

8

Homewood Suites and met with CS-3. At approximately 2:50 p.m., the last two individuals recruited by Defendant, codefendants Martez Tyrel Foley ("Foley") and Tracy Lee Stevenson ("Stevenson"), arrived at the hotel to join the meeting. Johnson explained the robbery plan to the group. During the conversation, CS-3 again mentioned that they were going to take "30 kilos" and firearms. After the explanation, the four individuals and CS-3 departed the hotel towards the location of the trailer. The conversation between CS-3 and the four individuals was recorded on video and audio. In addition, video surveillance from the hotel captured the arrival and departure of all four individuals.

At around 3:25 p.m., three vehicles arrived at the location of the trailer: 4200 N. Eldridge Parkway. CS-3 pointed to the gate and departed the location. Video cameras placed by the FBI recorded the movements of all four individuals. Upon arrival, Johnson, Goffney, Stevenson, and Foley approached the gate wearing masks and gloves and attempted to break the lock but were unsuccessful. Johnson, Goffney, and Foley jumped the gate, while Stevenson stayed at the gate. Johnson, Goffney, and Foley approached the trailer covered with a tarp and were carrying firearms, as depicted in the video recording of the incident.

Johnson, Goffney, and Foley opened the trailer and began to search the same, not finding anything. They walked back towards the gate. However, Johnson and Stevenson, who were each carrying a firearm, returned a few minutes later to search the trailer again. Eventually, the four individuals entered their vehicles, and departed the location.

On August 8, 2023, Defendant had a three-way telephone conversation with an FBI CHS and codefendant Johnson. During the conversation recorded by the CHS, Johnson told Defendant the details of what had transpired the day before when they arrived at the trailer. Johnson also told

Defendant that two of the members of the crew had been stopped by the police after the event and arrested for firearms violations.

Defendant hereby admits that on August 7, 2023, he conspired and agreed with his codefendants charged in Count Two of the Superseding Indictment to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846.

Defendant also admits that on August 7, 2023, aiding and abetting his codefendants charged in Count Four, he carried firearms during and in relation to a drug trafficking crime, that is, a violation of 21 U.S.C. § 846, in violation of 18 U.S.C. § 924 (c).

### Breach of Plea Agreement

16.     If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Monetary Penalties, Assets and Financial Disclosures

17.     Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be

submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

18.     Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

**Financial Statement**

19.     Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

20.     Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

11

**Complete Agreement**

21.    This written plea agreement, consisting of **15 pages**, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_____, Texas, on _____June 5_____, 20_25_

_[signature]_____

BLAKE ROBERTSON
Defendant

Subscribed and sworn to before me on _____June 5_____, 20_25_

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK


By: _[signature]_____
Deputy United States District Clerk

APPROVED:

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

By:  _[signature]_____        _[signature]_____
Kelly Zenon-Matos                          Chuck Egbuonu
Assistant United States Attorney           Attorney for Defendant
Southern District of Texas

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23-CR-00360 |
| | § | |
| BLAKE ROBERTSON, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Chuck Egbuonu
Attorney for Defendant

6-5-2025
_____
Date

14

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____
Blake Robertson
Defendant

_____6-05-25_____
Date

15