IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

UNITED STATES OF AMERICA      §    CASE NO. 4:23-CR-00360-1
                              §    HOUSTON, TEXAS
VERSUS                            §    TUESDAY,
                              §    JUNE 4, 2024
BLAKE ROBERTSON              §    2:02 P.M. TO 2:15 P.M.

**ARRAIGNMENT**

BEFORE THE HONORABLE RICHARD W. BENNETT
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:                           SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER:     NOT LISTED

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
mary@judicialtranscribers.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | CASE NOS. | 4:23-CR-00360-2 |
| | § | | 4:23-CR-00360-3 |
| VERSUS | § | | 4:23-CR-00360-4 |
| | § | | 4:23-CR-00360-5 |
| KERMIT JOHNSON | § | HOUSTON, TEXAS | |
| TRACY STEVENSON | § | TUESDAY, | |
| MARTEZ FOLEY | § | JUNE 4, 2024 | |
| JARRU GOFFNEY | § | 2:02 P.M. TO 2:15 P.M. | |

**ARRAIGNMENTS**

BEFORE THE HONORABLE RICHARD W. BENNETT
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:                    SEE NEXT PAGE

ELECTRONIC RECORDING OFFICER:    NOT LISTED

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
mary@judicialtranscribers.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

JUDICIAL TRANSCRIBERS OF TEXAS, LLC

**APPEARANCES**:

FOR THE PLAINTIFF:                US ATTORNEY'S OFFICE
                                  Anibal Laniez, Esq.
                                  1000 Louisiana Street
                                  Suite 2300
                                  Houston, TX  77002
                                  713-567-9000


FOR THE DEFENDANT,
BLAKE ROBERTSON:                  ATTORNEY AT LAW
                                  Chukwudi Ifeanyi Egbuonu, Esq.
                                  2202 Ruth Street
                                  Houston, TX  77004
                                  713-635-9488

FOR THE DEFENDANT,
KERMIT JOHNSON:                   Romy Kaplan, Esq.

FOR THE DEFENDANT,
TRACY STEVENSON:                  Gene Tausk, Esq.

FOR THE DEFENDANT,
MARTEZ FOLEY:                     Joanne Music, Esq.

FOR THE DEFENDANT,
HARRY GOFFNEY:                    Romy Kaplan, Esq.

**HOUSTON, TEXAS; TUESDAY, JUNE 4, 2024; 2:02 P.M.**

THE COURT:  All right.  The Court calls for Arraignment the following Defendants in Cause No. 23-cr-00360, United States versus -- and if you could just line them up left to right? -- United States versus Blake Robertson, Defendant No. 1;

Kermit Ladell Johnson, Defendant No. 2;

Tracy Lee Stevenson, Defendant No. 3;

Martez Tyrel Foley, Defendant No. 4; and

Harry Keith Goffney, Defendant No. 5.

Will the parties please state your appearances?

MR. LANIEZ:  Good afternoon, Your Honor, Anibal Laniez, present and ready, for the Government.

MR. EGBUONU:  Yes.  Good afternoon, Your Honor Chuck Egbuonu for Mr. Robertson.

MR. KAPLAN:  Romy Kaplan for Mr. Johnson and on behalf of Mr. Tabakman, who is out of state right now.

THE COURT:  Okay.

MS. MUSIC:  Joanne Music for Mr. Foley.

THE COURT:  Great.

MR. TAUSK:  And Your Honor, Gene Tausk for Tracey Lee Stevenson.

Mr. Stevenson is not here, Your Honor, and there's a good reason for that.  There was a mix-up in

communications.  He lives out in Port Arthur.  He will be here at any time the Court chooses.  I apologize very much to the Court for this.  He was released on pretrial bond. He simply did not know about today.  I thought that Pretrial Services told him.  They thought I told him.

THE COURT:  Anything from the Government?

MR. LANIEZ:  I have no issues with resetting if the Court wishes to do so.

THE COURT:  Okay.  We can reset it -- what? Tomorrow?

MR. TAUSK:  Tomorrow at 2:00, Your Honor?

THE COURT:  Yes.

MR. TAUSK:  That's fine, Your Honor.

Thank you very much.  I apologize to the Court.

THE COURT:  Okay.  All right.  You're excused.

MR. KAPLAN:  And Mr. Goffney is here.  My name is Romy Kaplan, and I represent Mr. Goffney.

THE COURT:  Okay.  So, just to make sure, Mr. Robertson?

DEFENDANT GOFFNEY:  Goffney.

THE COURT:  Okay.  So, it's --

UNIDENTIFIED MALE SPEAKER:  Mr. Robertson's right here.

THE COURT:  Okay.  Mr. Roberston, Mr. Johnson, Mr. Foley, and Mr. Goffney.  Okay, great.

So, the purpose of today's hearing is to basically go through the Arraignment.  You all have been charged by a Superseding Indictment with several counts, and I'm going to go over the Indictment, the charges, and the penalties with you, then ask you how you plead.

Do you all understand?

Do you understand that, sir?

Mr. Robertson?

DEFENDANT ROBERTSON:  Yes, sir.

THE COURT:  Mr. Johnson?

DEFENDANT JOHNSON:  Yes, sir.

THE COURT:  Mr. Foley?

DEFENDANT FOLEY:  Yes, sir.

THE COURT:  And Mr. Goffney?

DEFENDANT GOFFNEY:  Yes, sir.

THE COURT:  Okay.  All right.  All of you are charged in the first four counts, and Mr. Robertson, you're charged in Counts 5 through 8, and I'm going to go over those.

Count 1 charges all of you with a violation of Title 18 USC Section 1951(a), with conspiracy to interfere with commerce by robbery, and alleges that on or about August 7th, 2023, in the Houston Division of the Southern District of Texas, you all did knowingly and willfully conspire and agree together, and with each other, and with

other persons known and unknown to the grand jury to obstruct, delay, and effect interstate commerce in the movement of articles and commodities in commerce by means of robbery, and that you did unlawfully conspire to take and obtain property, namely 30 kilograms of cocaine, by means of actual and threatened force, violence, and fear of injury to those in possession of those items.

You all are also charged in Count 2, the violation of Title 21 USC Section  846, with conspiracy to possess with the intent to distribute a controlled substance, and alleges that on the same date, August 7th, 2023, in Houston, that you did knowingly and intentionally combine, conspire, confederate, and agree together, and with each other, and with persons known and unknown to possess with the intent to distribute at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

You are all charged in Count 3 with a violation of Title 21 USC Section 846 and Title 18 USC Section 2, with attempt to possess with intent to distribute a controlled substance, and alleges that on that same date, that you all, aiding and abetting each other, did knowingly and intentionally attempt to possess with the intent to distribute at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine.

You are all charged in Count 4 with a violation of

Title 18 USC Section 942(c)(1)(a) and (2), with the use of a firearm during and relation to a drug trafficking crime, and alleges on the same date, August 7th, 2023, that you all, while aiding and abetting each other, did knowingly use and carry at least one firearm during and in relation to a drug trafficking crime for which each may be prosecuted in a court of the United States, namely knowingly and intentionally conspiring and attempting to possess with intent to distribute a controlled substance, as charged in Counts 1 and 3 of the Indictment.

In Count 5, Mr. Robertson alone is charged with a violation of Title 18 USC Section 933(a)(1), with firearms trafficking, and alleges between on or about August 1st, 2023 to on or about August 4th, 2023, in Houston, that you did transfer, cause to be transported, and otherwise dispose of at least one firearm, to wit a Glock 43 handgun, 9mm caliber, and several other firearms listed in the Indictment, knowing and having reasonable cause to believe that the use, carrying, possession of the firearm by this person would constitute a felony.

You're charged in Count 6 with a violation of Title 18 USC Section 922(a)(1)(a), in dealing in firearms without a license, and alleges that on the same date, the same date range, between August 1st and August 4th, 2023, in Houston, that you, not being a licensed dealer of firearms,

did willfully engage in the business of dealing firearms. Mr. Robertson, you're also charged in Count 7 with a violation of Title 18 USC Section 966(g)(1) as being a felon-in-possession of firearm, and it charges that on or about August 1st, 2023, that you, knowing you'd been convicted by a crime punishable by imprisonment for a term exceeding one year, did knowingly possess at least one firearm, to wit one Glock 43 handgun, and it alleges several other firearms, said firearms having been shipped and transported in interstate and foreign commerce.

And finally, Mr. Robertson, you're charged in Cunt 8 with another count of felon-in-possession of a firearm in violation of Title 18 USC Section 922(g)(1), and alleges that on or about August 4th, 2023, that you, knowing you'd been convicted by a crime punishable by imprisonment for a term exceeding one year, did possess at least one firearm, one Glock 27 handgun, along with additional firearms alleged in the Indictment, said firearm having been shipped and transported in interstate and foreign commerce.

There's also a Notice of Criminal Forfeiture against you, Mr. Robertson.

Now, Mr. Lainez, will you please let the -- tell us what the maximum potential punishment is for these counts?

MR. LANIEZ:  Yes, Your Honor.

As to all four Defendants before the Court that are charged in Count 1, Count 1 carries a potential punishment of not more than 20 years in prison, a fine not to exceed $250,000, no more than 3 years of supervised release, and a $100 special assessment.

Count 2 and 3 carry a potential punishment of not less than 10 years in prison and up to life in prison, a fine not to exceed $10 million, at least 5 years supervised release, and a $100 special assessment.

As to Count 4, the potential punishment is not less than 5 years in prison and up to life in prison, a fine not to exceed $250,000, not more than 5 years supervised release, a $100 special assessment, and Count 4 must run consecutive to any underlying other offense of conviction.

As to Mr. Robertson, in Count 5, the potential punishment on Count 5 is from zero to 15 years in prison, a fine not to exceed $250,000, not more than 3 years supervised release, and a $100 special assessment.

As to Count 6, the potential punishment for Mr. Roberston is from zero to 5 years in prison, a fine not to exceed $250,000, not more than 3 years supervised release, and a $100 special assessment.

And then, again, as to Mr. Robertson, on Count 7 and 8, the potential punishment is up to 15 years in prison, a fine not to exceed $250,000, not more than 3 years of

supervised release, and a $100 special assessment.

THE COURT:  Thank you.

Now, Mr. Roberston, do you understand that's the maximum potential punishment you could face if convicted of these counts?

DEFENDANT ROBERTSON:  Yes, sir.

THE COURT:  Have you seen a copy of the Superseding Indictment?

DEFENDANT ROBERTSON:  Yes, sir.

THE COURT:  Have you discussed it with your attorney?

DEFENDANT ROBERTSON:  Yes, sir.

THE COURT:  Has he answered all your questions at this point?

DEFENDANT ROBERTSON:  Yes, sir.

THE COURT:  Are you ready to enter a plea to the charges contained in this Superseding Indictment?

DEFENDANT ROBERTSON:  Yes, sir.

THE COURT:  Does Counsel waive formal reading of the Indictment?

MR. EGBUONU:  We do, Your Honor.

THE COURT:  How do you plead?  Guilty or not guilty.

DEFENDANT ROBERTSON:  Not guilty.

THE COURT:  A plea of not guilty will be entered

on the Record in this case.

(The Court confers with court staff.)

THE COURT:  All right.  Mr. Johnson, do you understand that that's the maximum potential punishment you could face on the charges against you in the Superseding Indictment?

DEFENDANT JOHNSON:  Yes, sir.

THE COURT:  And have you seen a copy of the Superseding Indictment?

DEFENDANT JOHNSON:  Yes, sir.

THE COURT:  Have you discussed it with your attorney?

DEFENDANT JOHNSON:  Well, he's not my attorney.

THE COURT:  Oh.

MR. KAPLAN:  I'm here for Mr. Tabakman.

THE COURT:  Have you discussed it with Mr. Tabakman?  Have you talked to him about it?

DEFENDANT JOHNSON:  I haven't seen him.

THE COURT:  Okay.  Well --

MR. KAPLAN:  And Your Honor, in fairness -- I didn't mean to interrupt.  I'm sorry.

THE COURT:  Sure.

MR. KAPLAN:  One through four are the main cases why we're here.  The new Superseding Indictment doesn't necessarily pertain to any conduct that he was alleged to

have occurred.  So, one through four he's been aware of through an Arraignment --

THE COURT:  Okay.

MR. KAPLAN:  -- and plead not guilty to at that time.

THE COURT:  Okay.  So, you're aware of the four counts pending against you, and you've discussed it with your attorney already.

All right.  And obviously, you've seen a copy of the Superseding Indictment as well?

DEFENDANT JOHNSON:  Yes, sir.

THE COURT:  Okay.  And are you ready to enter a plea to the charges pending against you?

DEFENDANT JOHNSON:  Yes, sir.

THE COURT:  And Counsel, do you waive formal reading of the Indictment?

MR. KAPLAN:  I do, Your Honor.

THE COURT:  And how do you plead?  Guilty or not guilty.

DEFENDANT JOHNSON:  Not guilty.

THE COURT:  A plea of not guilty will be entered on the record in this case.

Going with respect to Mr. Foley, you understand that what he read are the maximum potential punishment --

DEFENDANT FOLEY:  Yes, sir.

THE COURT: -- for the charges against you?

DEFENDANT FOLEY: Yes, sir.

THE COURT: And have you seen a copy of the Superseding Indictment?

DEFENDANT FOLEY: Yes, sir.

THE COURT: Have you discussed this with your attorney?

DEFENDANT FOLEY: Yes, sir.

THE COURT: Has she answered all your questions at this point?

DEFENDANT FOLEY: Yes, sir.

THE COURT: Are you ready to enter a plea to the charges pending against you?

DEFENDANT FOLEY: Yes, sir.

THE COURT: Counsel, do you waive formal reading of the Indictment?

MS. MUSIC: Yes, Your Honor.

THE COURT: How do you plead? Guilty or not guilty.

DEFENDANT FOLEY: Not guilty.

THE COURT: A plea of not guilty will be entered on the record in this case.

And finally, Mr. Goffney, you understand that what the Government Counsel read is the maximum potential punishment that you could face if convicted of the charges

pending against you?

DEFENDANT GOFFNEY:  Yes, sir.

THE COURT:  And have you seen a copy of the Superseding Indictment?

DEFENDANT GOFFNEY:  Yes, sir.

THE COURT:  Have you been able to discuss the charges with your attorney?

DEFENDANT GOFFNEY:  Yes, sir.

THE COURT:  And has your attorney answered all your questions to this point?

DEFENDANT GOFFNEY:  Yes, sir.

THE COURT:  Are you ready to enter a plea to the charges pending against you?

DEFENDANT GOFFNEY:  Yes, sir.

THE COURT:  Counsel, do you waive formal reading of the Indictment?

MR. KAPLAN:  I do, Your Honor.

THE COURT:  How do you plead?  Guilty or not guilty.

DEFENDANT GOFFNEY:  Not guilty.

THE COURT:  Okay.  A plea of not guilty will be entered on the record in this case.

Shannon, do you mind reading the dates?

THE CLERK:  Motions will be due June 24th; any responses due July the 5th; pretrial conference is August

the 8th at 2:30 before Judge Benett, District Judge; and jury selection and trial is August the 12th at 9:00 a.m. before Judge Bennett.

Is speedy trial waived for any of the Defendants? Is that a no for everyone?

THE COURT:  Ms. Music?

MR. EGBUONU:  Not at this time for Mr. Roberston.

THE COURT:  Speedy trial waived or not?

MS. MUSIC:  Yes, Your Honor.

MR. KAPLAN:  Yes, Your Honor.

THE COURT:  Okay.

THE CLERK:  Mr. Kaplan, which Defendant?

MR. KAPLAN:  On behalf of both.

THE CLERK:  Okay.  And what's the estimated time for trial?

MR. LANIEZ:  I would say 5 days.

THE CLERK:  So, I need you guys to fill out some waivers.

THE COURT:  Okay.  Is there anything further at this time from the Government or Defense Counsel?

MR. EGBUONU:  No, Your Honor.

MS. MUSIC:  Just for purposes of the record, Your Honor, I believe it was either Friday -- no, it wasn't Friday.  It was Monday.

We do have a current or just newly filed motion to

continue those dates on file.

THE COURT:  Okay.

MS. MUSIC:  It's not been ruled on yet, but it was just filed.

THE COURT:  Okay.  So noted.

If there's nothing further, you all are remanded to the custody of the Marshal pending trial in this case.

Thank you.

MR. KAPLAN:  Except for Mr. Goffney, who is on bond, correct?

THE CLERK:  You need to fill out those waivers.

THE COURT:  Oh, okay.  I wasn't aware.

MR. KAPLAN:  I was like, "We're not taking him into custody yet."  There's no --

THE COURT:  Okay.  Mr. Goffney is on bond?

MR. KAPLAN:  Yes, Your Honor.

THE COURT:  Is there any problem with continuing on bond?

MS. LANIEZ:  No, Your Honor.

THE COURT:  Okay.  You are released on your bond conditions.

MR. KAPLAN:  Need to clarify that.

THE COURT:  Yes, yes.

MS. MUSIC:  You just heard them all and then --

MR. KAPLAN:  Yeah, yeah.  I was like, "Whoa, we're

not remanding everybody."

(Proceedings adjourned at 2:15 p.m.)

*  *  *  *  *

I certify that the foregoing is a correct transcript to the best of my ability produced from the electronic sound recording of the proceedings in the above-entitled matter.

/S/ MARY D. HENRY

CERTIFIED BY THE AMERICAN ASSOCIATION OF

ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337

JUDICIAL TRANSCRIBERS OF TEXAS, LLC

JTT TRANSCRIPT #70352

DATE FILED:  JANUARY 6, 2026